REID (WALKER v.). See Case No. 17.084.

REILEY (CHANNING v.). See Case No. 2,-596.

## Case No. 11,671.

### REILING v. BOLIER.

[3 Cranch, C. C. 212.][1]

Circuit Court, District of Columbia. Dec. Term, 1827.

JUDGMENT—DEFAULT—UPON WHAT TERMS SET ASIDE.

A judgment by default, and writ of inquiry, in the county of Washington, may be set aside at the next term, upon affidavit of merits, payment of costs, pleading to issue to the merits instanter, and offering ready for trial.

Motion by C. C. Lee and Mr. Jones, for defendant, to set aside an interlocutory judgment by default, and quash the writ of inquiry; upon affidavit of merits, payment of costs, pleading to issue to the merits instanter, and offering ready for trial. Tidd, Prac. 507, 508.

THE COURT, (MORSELL, Circuit Judge, doubting,) after examining the decisions of this court, and not finding any directly to the point, where the judgment was interlocutory and writ of inquiry awarded, granted the prayer of the defendant's counsel upon the terms offered. This would have been the regular trial-term if the pleas had been regularly filed.

The cases examined by the court, were McCleod v. Gloyd [Case No. 8,697]; Ault v. Elliott [Id. 655]; special bail of Morté. at April term, 1823; Ringgold v. Elliott [Id. 11,844], at April term, 1824; Williamson v. Bryan [Id. 17,-751], at April term, 1823; French v. Venable [Id. 5,105], at December term; Union Bank v. Crittenden [Id. 14,354], at April term, 1821; McCormick v. Magruder [Id. 8,723], at April term, 1821; Sherburne v. King [Id. 12,759], at June term, 1820; Jones v. Llewellyn [Id. 7,477], at December term, 1819, and March, 1820. See, also, 2 Har. Ent. 88, 121; Goldsworthy v. Southcott, 1 Wils. 243; 2 Saund. 7, note 3.

Trial and verdict for plaintiff, $120.

REILLY (CAZE v.). See Case No. 2,538.

REILLY (HOOVER v.). See Case No. 6,677.

## Case No. 11,672.

### REILLY v. MARYMAN.

[Hayw. & H. 9.][1]

Circuit Court, District of Columbia. January 12, 1841.

REPLEVIN—GOODS TAKEN IN DISTRESS—RETURN OF GOODS.

In a replevin suit to recover goods distrained for rent, upon which there was judgment for the returning of the goods replevied, and for the rent in arrear, the court on motion ordered so much of the judgment as called for a return of the goods to be stricken out.

The declaration alleges that the defendant took and detained the goods of the plaintiff. The defendant avows the taking and that they were taken in distress for rent in arrear.

Henry M. Morfit, for plaintiff.

Brent & Brent, for defendant.

The defendant [H. R. Maryman] made a distress for rent due from the plaintiff [Thomas B. Reilly] to the demisor of the said plaintiff. The plaintiff brought this suit to recover the goods distrained. The jury rendered the following verdict:

"And the jurors aforesaid, upon their oaths do say, that at the time of the distress the sum of $250 was due by said Reilly to C. B. Hamilton (whose bailiff the defendant was), for the two first quarters' rent of a house for the year ending on the 1st day of September, 1839, as avowed by the defendant; and they further find the value of the distress to be $339; and they further find the amount of rent in arrear now due, with interest, by way of damages, to be $277.50; on which the judgment of the court was: That the plaintiff shall take nothing by his writ, but that he and his pledges to prosecute shall be in mercy, and that the defendant shall go without day, and that he shall have a return of the goods and chattels aforesaid, to hold them irreplevisable forever. And it is further considered by the court here, that the said defendant shall recover against the plaintiff the sum of $277.50, the arrears of rent, it being the value of the goods and chattels aforesaid, and $15.21 for his costs and charges, making together the sum of $292.71; and that the defendant shall have execution thereof."

On motion by the plaintiff, through his attorney, so much of the judgment as called for the return of the property was stricken out, the judgment so corrected to stand as the judgment of the court.

REILLY (SCHWABACKER v.). See Case No. 12,501.

REILY (HARPER v.). See Case No. 6,091.

REILY (PATTON v.). See Case No. 10,838.

REILY (WRAY v.). See Case No. 18,059.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]